WILLIAM H. BARNES, DEFENDANT IN ERROR, v. E. M. WALLINGTON & COMPANY (A CORPORATION), PLAINTIFF IN ERROR.

*Submitted July 6, 1909—Decided February 28, 1910.*

When a plaintiff's case is rested at the trial on two theories, the first of which is supported by legal evidence, and the second in material part by evidence illegally admitted, and the case is submitted to the jury on the second theory alone, a judgment for the plaintiff cannot be sustained on the ground that the evidence lawfully received would have justified a finding for the plaintiff on the first theory.

On error to judgment of Supreme Court, affirming judgment for plaintiff in Cumberland County Circuit Court.

For the plaintiff in error, *Walter H. Bacon.*

For the defendant in error, *Herbert C. Bartlett.*

The opinion of the court was delivered by

PARKER, J. The plaintiff's declaration contained three counts. The first count alleged his employment by defendant under a contract of service at $20 per week, of which $15 was to be paid weekly in cash, and the other $5 per week to accumulate in the hands of defendant and to be paid ultimately in stock of the defendant company; that plaintiff served two hundred and twelve weeks, receiving only $15 per week, at the end of which period the accumulations amounted to $1,060 which he demanded in stock, and which stock defendant refused to deliver, to plaintiff's damage, &c.

The second count set up service for two hundred and twelve weeks under an agreement to pay $20 per week in cash, of which only $15 per week was paid; the third count contained the common counts in *assumpsit.*

The trial judge evidently viewed the testimony as bearing on the first count alone, for he charged the jury as follows:

"Gentlemen——If from the testimony in' this case you believe that the wages of the plaintiff were at the time alleged increased from $15 to $20 a week, to be paid in stock of the company, and that the stock is worth par, then you will *render* a verdict in favor of the plaintiff for $1,060, with interest from May 1st, 1904; if, on the other hand, you believe that his wages were not increased, but were to remain at $15 a week, then your verdict will be simply for the defendant.

"The burden of satisfying you as to this increase in salary is upon the plaintiff, who makes the allegation. He must convince you by the preponderance of the testimony that that was so."

The defendant duly excepted to the first part of the charge, permitting a recovery, and at the trial had *objected* and excepted to the admission of testimony as to the alleged contract with plaintiff by E. M. Wallington, who was the treasurer and manager of defendant, in the absence of proof that Wallington had some special authority to make such a contract.

The Supreme Court held, when the case was before them on writ of error, and we think properly, that if the promise proved was to pay the $5 a week reserved in stock of the company, "no recovery could be had, for there was nothing in Wallington's position as manager or officer of the company which would authorize him to bind the company to issue stock to an employe in pay for services, and no special authority conferred upon him by the company to make such a bargain was shown."

But the court also held that there was enough in the plaintiff's case to have justified the jury in finding a contract to pay $20 a week in cash, of which $5 a week was payable at an undetermined time in the future and to be secured by stock of the company; and that while the agreement as to the stock *was invalid*, it was severable from the cash agreement; that the latter agreement was within Wallington's general powers, and plaintiff could recover thereon under his proof at the rate of $5 per week for the period claimed. The court ac-

cordingly ordered the declaration amended to conform to this hypothetical verdict, and affirmed the judgment.

The amendment seems to have been unnecessary if the printed book correctly shows the original declaration, for the ground of recovery as stated by the Supreme Court· is contained in the second count. But this point is immaterial. The error that we find in the ruling of the Supreme Court is the assumption that there was a verdict finding a contract to pay $5 a week in cash. The jury did not in fact, and could not, in contemplation of law, have found such a contract, for, as has already been noted, the sole theory on which the case was submitted by the trial court was that of a contract payable in stock, so that the ground of recovery set up in the second count or in the amendment, as the case may be, to wit, a contract for payment in cash, was not submitted to the jury at all. Under the instruction permitting the jury to find for the plaintiff solely on the theory of a contract to pay in stock, the theory of a contract for payment in cash was necessarily excluded from the consideration of the jury, and hence the judgment for the plaintiff cannot be sustained on the ground that the evidence would have warranted a verdict for plaintiff on the latter theory. *Fielders* v. *North Jersey Street Railway Co.,* 39 *Vroom* 343; *Hayes* v. *Adams Express Co.,* 45 *Id.* 537, 541; *Doran* v. *Thomsen,* 47 *Id.* 754, 760. The error of admitting evidence that a contract to pay in stock was made by Wallington, without proof of his authority to make it, and of submitting this evidence to the jury, consequently remains.

The judgment of the Supreme Court and of the Circuit Court will therefore be reversed, and a *venire de novo* awarded.

*For affirmance*—MINTURN, VROOM, JJ. 2.

*For reversal*—GARRISON, REED, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, GRAY, DILL, JJ. 9.